IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**KENNETH GANDY, #94933**                                             **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO. 4:05cv101TSL-AGN**

**PAPER WINGS**                                                   **DEFENDANT**

OPINION AND ORDER

This cause is before the court, sua sponte, for consideration of dismissal. Plaintiff Kenneth Gandy filed this complaint pursuant to 42 U.S.C. § 1983 and sought as relief injunctive and monetary damages.

The allegations of the complaint are somewhat confusing. The plaintiff states in his complaint that he paid the defendant, Paper Wings, money for magazines. He further states that the company sent some magazines, but that the magazines had to be returned because of their content and that plaintiff subsequently sent the company a letter regarding how to send him the magazines he ordered, but he never received anything from them following his letter.

Analysis

Title 28 U.S.C. Section 1915(e)(2)[1] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions

---

[1] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i)     is frivolous or malicious;
        (ii)    fails to state a claim on which relief may be granted; or
        (iii)   seeks monetary relief against a defendant who is immune
        from such relief.

are clearly baseless." See Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989); Denton v. Hernandez, 504 U.S. 25, 32, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992); and Macias v. Raul A., 23 F.3d 94, 97 (5th Cir.1994). "A district court may dismiss an in forma pauperis proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." Henson-El v. Rogers, 923 F.2d 51, 53 (5th Cir.), cert. denied, 501 U.S. 1235, 111 S. Ct. 2863, 115 L. Ed. 2d 1030 (1991). See Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L. Ed. 2d 338 (1989); Parker v. Carpenter, 978 F.2d 190, 191 n.1 (5th Cir. 1992); Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992); Henthorn v. Swinson, 955 F.2d 351, 352 (5th Cir.), cert. denied, 504 U.S. 988, 112 S. Ct. 2974, 119 L. Ed. 2d 593 (1992). "[I]n an action proceeding under Section 1915(d), [a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." Id. As discussed below, the plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983 against the named defendant.

In order to have a viable claim under 42 U.S.C. § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Daniel v. Ferguson, 839 F.2d 1124 (5th Cir. 1988). The court in West concluded that, in order to act under color of state law, the defendant in an § 1983 action must have exercised power which the defendant possessed by virtue of state law, and the exercise of that power must be

made possible only because the wrongdoer is clothed with authority of state law. 487 U.S. at 49 (citing United States v. Classic, 313 U.S. 299, 326 (1941)).

In the instant complaint, there are no allegations to establish that the defendant is a state actor. The allegations indicate that the defendant, Paper Wings, is a private company that sells and/or distributes magazines. Hence, any deprivation plaintiff allegedly suffered was not "under color of state law."

## Conclusion

As discussed above, the plaintiff has failed to present an arguable constitutional claim in law or fact in order to maintain this particular cause of action against the named defendant. Consequently, this complaint will be dismissed pursuant to 28 U.S.C. Section 1915(e)(2)(B), with prejudice.

Since this case is dismissed pursuant to the above mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike".[2] If the plaintiff receives "three strikes" he will be denied in forma pauperis status and required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this opinion and order will be entered.

SO ORDERED, this the     8th       day of July, 2005.

                                            /s/ Tom S. Lee
                                            UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(g) states "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."